UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUENEVERE PERRY,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION,** *et al.*,<br><br>    **Defendants.** | Civil Action No. 20-2003 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Guenevere Perry believes that Georgia State University misled her about employment opportunities that a certain biology degree would afford. She claims that she relied upon these misrepresentations when seeking educational loans. After unsuccessfully seeking debt forgiveness via the U.S. Department of Education's Borrower Defense program, she brought this action against DOE and its Secretary. In now moving to dismiss, Defendants point out that DOE is currently reconsidering its denial decision; as a result, there is no final agency action that could undergird an Administrative Procedure Act suit. Agreeing, the Court will dismiss the case without prejudice.

**I.    Background**

Plaintiff's Fourth Amended Complaint, which must be presumed true for purposes of this Motion, is hardly a paragon of clarity. See ECF No. 14 (Compl.). It alleges that "GSU's Biology Program website claimed a degree from any of the programs could be used to obtain jobs at a university or in industry." Id. at ECF p. 6. It is unclear, however, whether Perry ever obtained a degree, what degree that was, or when she attended or graduated from the university.

1

In any event, "[i]n 2017 the Plaintiff filed an application with the Borrowers Defense Program [at DOE]. She alleged [that the GSU] website omitted important information . . . [about] limited . . . job placement opportunities for recipients of the PhD degree." Id.  Such "omission resulted in her securing loans for a degree she could not use to obtain PhD level research and/or professor positions at academic institutions, causing financial hardship." Id.  In December 2019, DOE informed her that her request for loan forgiveness was denied. Id. at ECF p. 7. She challenges DOE's determination and also asks more generally that the Court require the Department to offer different forms for people seeking forgiveness and "provide a mediator or ombudsman (student advocate) to facilitate the process for more complicated filings." Id. at ECF p. 9.

Defendants have now filed a Motion to Dismiss.

## II.     Legal Standard

In evaluating this Motion, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted."  Although the notice-pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  A plaintiff must put forth

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

Absent facts sufficient to allege a final agency action, a complaint will be dismissed for failure to state a claim. See Oryszak v. Sullivan, 576 F.3d 522, 525 n.2 (D.C. Cir. 2009) ("the provision of the APA limiting judicial review to 'final agency action,' 5 U.S.C. § 704, goes not to whether the court has jurisdiction but to whether the plaintiff has a cause of action"); Sierra Club v. Jackson, 648 F.3d 848, 854 (D.C. Cir. 2011) (affirming correctness of Oryszak; Rule 12(b)(6) provides legal standard).

**III.   Analysis**

In moving for dismissal here, Defendants note that Perry's petition for loan forgiveness is still under consideration. In fact, as Plaintiff herself acknowledged in previously asking the Court to dismiss this case (before later successfully moving to reopen), "The US Department of Education has agreed to reconsider the Plaintiffs [*sic*] application and grievances of misrepresentation." ECF No. 11 (Pl. MTD) at ECF p. 1. The reconsideration process is still proceeding, and no final decision has yet been reached. See ECF No. 16 (Def. MTD) at 2.

Defendants are correct that, unless otherwise provided by law, judicial review of claims under the APA is limited to final agency action. See 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."). The doctrine of finality prevents courts from reviewing agency decisions before they are final so as to "avoid premature intervention in the administrative

3

process." CSI Aviation Services, Inc. v. U.S. Dept. of Transportation, 637 F.3d 408, 411 (D.C. Cir. 2011).

It is well established that to be "final," an agency action "must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature." Nat'l Ass'n of Home Builders v. Norton, 415 F.3d 8, 13 (D.C. Cir. 2005) (quoting Bennett v. Spear, 520 U.S. 154, 177-78 (1997)) (internal quotation marks omitted). "[T]he action must [also] 'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" Id. (quoting Bennett, 520 U.S. at 178) (internal quotation marks omitted); see also Franklin v. Massachusetts, 505 U.S. 788, 797 (1992) (to determine finality, the "core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties"). In this case, DOE's decision will only become final once its reconsideration process is complete. Perry may indeed still obtain relief, which would render such a claim unnecessary. If DOE ultimately affirms the denial, she may then bring this action. In the interim, however, there exists no final agency action that would permit suit under the APA.

Finally, to the extent she is seeking broader injunctive relief regarding DOE's procedures for future claimants, she has no standing since she is raising hypothetical harms that others (not her) may suffer down the road. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding that, to have standing, plaintiff "must have suffered an 'injury in fact' — an invasion of a legally-protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'") (internal quotation marks and citations omitted).

Case 1:20-cv-02003-JEB   Document 26   Filed 01/28/21   Page 5 of 5

5

## IV. Conclusion

      For the aforementioned reasons, the Court will grant Defendants' Motion to Dismiss without prejudice. A separate Order consistent with this Opinion will be issued this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  January 28, 2021